# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | |
|---|---|
| **In re:**<br><br>**GARY MICHAEL BIRD,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 22-60957** |
| **HANNAH W. HUTMAN, Chapter 7 Trustee for the Bankruptcy Estate of Gary Michael Bird,**<br><br>**Movant,**<br><br>v.<br><br>**SARA A. MOONEY,**<br><br>**Defendant.** | **Adv. Pro: _____** |

## COMPLAINT

Hannah W. Hutman, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of Gary Michael Bird (the "**Debtor**"), by counsel, files this *Complaint* (the "**Complaint**") against Sara A. Mooney (the "**Defendant**") and in support alleges as follows:

Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
Hirschler Fleischer, P.C.
Post Office Box 500
Richmond, Virginia 23218-0500
(804) 771-9500
(804) 644-0957 (fax)
Email:  rwestermann@hirschlerlaw.com
        bfalabella@hirschlerlaw.com

*Counsel to Hannah W. Hutman, Chapter 7 Trustee*

## JURISDICTION AND VENUE

1. The Debtor filed a petition under Chapter 7 of Title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Western District of Virginia (the "**Court**") on September 22, 2022, commencing the captioned case (the "**Case**").

2. This Court has subject matter jurisdiction over the above-captioned adversary proceeding (this "**Adversary Proceeding**") pursuant to 28 U.S.C. §§ 157 and 1334.

3. This Adversary Proceeding constitutes a core proceeding by virtue of 28 U.S.C. § 157(b).

4. Venue is proper pursuant to 28 U.S.C. §§ 1409(a).

## PARTIES

5. The Trustee is the duly appointed Chapter 7 trustee in this Case.

6. The Debtor resides in Nelson, Virginia in the Western District of Virginia.

7. The Defendant is the former spouse of the Debtor and the joint owner of a parcel of real property with the Debtor, as more fully described below.

## BACKGROUND

8. The allegations set forth in paragraphs 1 through 7 above are incorporated by reference.

9. By that certain Deed of Bargain and Sale (the "**Deed**") dated June 5, 2015, a copy of which is attached hereto as **Exhibit A**, the residential real property located in the city of Richmond, Virginia more fully described in the Deed and commonly known 3409 Parkwood Avenue,

Richmond, Virginia, 23221 (the "**Property**") was conveyed to Gary M. Bird and Sara A. Mooney as joint tenants with the right of survivorship.[1]

10.  Pursuant to section 541(a) of the Bankruptcy Code, upon the commencement of the Case, the Debtor's joint tenancy interest in the Property became property of the estate.

**COUNT I: REQUEST FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, AND INTERESTS**

11.  The allegations set forth in paragraphs 1 through 10 above are incorporated by reference.

12.  Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Trustee, after notice and hearing, may sell property of the estate not in the ordinary course of business and free and clear of all liens, claims, rights, and interests, only if, among other grounds: (a) applicable non-bankruptcy law permits such a sale; (b) such entity consents; (c) such interest is in bona fide dispute; or, (d) such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest.

13.  Grounds exist for the sale of the estate's interest in the Property free and clear of the joint tenancy interest of Defendant because (i) Virginia state law would permit a creditor to sell the Debtor's interest in the Property free and clear of her interest in such property; (ii) Defendant's interest, if any, in the estate's interest in the Property is in bona fide dispute; and, (iii) Defendant could be compelled by the Court to accept a money satisfaction of such interest.

**COUNT II: REQUEST FOR AUTHORITY TO SELL PROPERTY OF A CO-OWNER TOGETHER WITH SALE OF PROPERTY OF THE ESTATE**

---

[1] Subsequent to the purchase of the Property, the Debtor and Defendant were married and thereafter divorced by Final Decree, attached hereto as **Exhibit B**, on June 27, 2022.  To the extent the Property was ever held by the Debtor and the Defendant as tenants by the entirety, their divorce on June 27, 2022 severed the tenancy by the entirety and caused each to hold the property as tenants in common.  Consequently, as of the Petition Date, the Property was held as either tenants in common or joint tenants.

14. The allegations set forth in paragraphs 1 through 13 above are incorporated by reference.

15. Pursuant to section 363(h) of the Bankruptcy Code, notwithstanding the limitations set forth in section 363(f), a trustee may sell both the estate's interest under section 363(b), (c), and (f), and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if: (1) partition in kind of such property among the estate and such co-owners is impracticable; (2) the sale of the estate's undivided interest in such property would realize significantly less for the estate than the sale of such property free of the interests of such co-owner; (3) the benefit to the estate of a sale of such property free of the interest of such co-owner outweighs the detriment, if any, to such co-owner; and, (4) such property is not used in the production, transmission, or distribution, for sale of electric energy or of natural or synthetic gas for heat light, or power.

16. The Property is a residential, single family dwelling that could not physically be subdivided and which, upon information and belief, could not be subdivided under the applicable local zoning and subdivision ordinances in Richmond, Virginia where the Property is situated. As a result, the partition in kind of such property between the estate and Defendant is impracticable.

17. The fair market value of the estate's interest in the Property, if sold without the Defendant's interest, is substantially less than the fair market value of the Property if the estate's interest and the Defendant's interest are sold together. A sale of only the estate's interest would require a potential purchaser to purchase a one-half interest with a stranger who is in possession of the property, which would require any such purchaser to engage in attempts to resolve issues with an uncooperative co-owner, thereby significantly dampening any potential sale price.

18. The sale of both the estate's interest and the Defendant's interest in the Property will maximize the market value of the Property, thereby not only providing the estate with sufficient funds from the estate's share of the net proceeds of sale to pay a substantial dividend to the unsecured creditors who have filed proofs of claim in the Case, but also maximize the net proceeds to be paid to Defendant, who will receive the remaining one-half of the net proceeds of the sale. Alternatively, the Trustee has been and remains prepared to negotiate a sale of the estate's interest in the Property to Defendant. As a result, the benefit to the estate far outweighs any detriment to Defendant.

19. The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heath, light, or power.

20. Under these circumstances, section 363(h) permits the Trustee to sell the interest of Defendant in the Property together with the estate's interest in the Property.

## COUNT III: Request for Injunctive Relief

21. The allegations set forth in paragraphs 1 through 20 above are incorporated by reference.

22. Section 542(a) of the Bankruptcy Code provides that an entity in possession, custody, or control of property that a trustee may sell under section 363 of the Bankruptcy Code during a case shall deliver and account for such property to the trustee. Section 362(a)(3) provides that a petition filed under the Bankruptcy Code shall operate as a stay, applicable to all entities, of the commencement or continuation of any act to exercise control over property of the estate.

23. The Court has the power to issue any order that is necessary and appropriate to carry out the provisions of the Bankruptcy Code, pursuant to section 105(a) of the Bankruptcy Code, including the issuance of temporary, preliminary, and permanent injunctive orders. In addition, Federal Rule of Civil Procedure 65, made applicable to this proceeding by Federal Rule of

Bankruptcy Procedure 7065, permits the Court to issue temporary and preliminary injunctive orders prior to the Court's issuance of permanent relief.

24. By letter dated January 31, 2023, a copy of which is attached as **Exhibit C**, the Trustee sought to initiate communication with Defendant regarding the estate's interest in the Property and the Trustee's duty to sell such interest and to attempt to reach an agreement that would provide the same benefit to the estate but avoid the sale of the Property. To date, the Trustee has received no response to this letter. Defendant's refusal to respond to the letter sent by Trustee suggests a lack of intent to cooperate with the Trustee in the sale of the Property.

25. It is essential for the fulfillment of the Trustee's duties to the estate that the Trustee, her agents, and prospective buyers have reasonable access to the Property prior to and during the marketing of the Property, that Defendant notify the Trustee in the event she vacates the Property prior to the sale, that Defendant timely surrender the Property to the buyers of the Property contemporaneously with the closing of a sale of the Property and that until the closing of any such sale, Defendant preserve, protect, and cause no damage to the Property.

26. Defendant presently has full possession and control of the Property. Her unwillingness to cooperate with the Trustee, as evidenced by her failure to respond to the Trustee's letter, prevents the necessary access prior to and during the marketing of the Property and indicates her refusal to protect and preserve the Property during her occupancy of the Property, to notify the Trustee should she vacate the Property prior to the sale, and to surrender the Property at the closing of a sale of the Property. The lack of access to the Trustee and her agent impedes and prevents, and will continue to impede and prevent, the Trustee from performing her duties in this Case. The grant of the injunctive relief requested by the Trustee preserves the value of the estate and permits the Trustee to fulfill her obligations to preserve and maximize the value of property of the estate.

6

27. Under these circumstances, grounds exist for the Court to grant temporary, preliminary, and permanent injunctive relief to the Trustee directing Defendant (and all other occupants, if any) to provide immediate access to the Property sufficient to permit the Trustee, her agent, and any potential buyers to inspect the Property, to notify the Trustee should she (or all other occupants, if any) vacate the Property prior to sale, to protect and preserve the Property during her (and all other occupants', if any) occupancy thereof and to timely surrender the Property at the closing of a sale of the Property, in that (a) the estate will be irreparably harmed without the grant of such relief, (b) the potential harm to the estate outweighs any potential harm to Defendant (and all other occupants, if any) arising from the grant of injunctive relief, (c) the Trustee will succeed on the merits of the estate's right to sell Defendant's interest in the Property, and the Trustee's right to access and possession of the Property, and (d) public policy weighs in favor of the grant of injunctive relief under the circumstances, given the purposes and directives of the Bankruptcy Code.

28. The interest of the Debtor in the Property became property of the estate pursuant to section 541(a) of the Bankruptcy Code. The Trustee has the power to sell the co-owner's interest in the Property with the estate's interest in the Property pursuant to section 363(h) of the Bankruptcy Code. Pursuant to section 542(a) of the Bankruptcy Code, Defendant, as one in possession, custody, or control of property that the Trustee may sell under section 363 of the Bankruptcy Code, is required to "deliver to the trustee such property." Neither the interests of the estate in the Property, the Trustee's power to sell the Property, nor the mandate that Defendant deliver the Property to the Trustee is in dispute.

WHEREFORE, the Trustee requests that the Court enter temporary and/or preliminary orders and final judgment against Defendant and in favor of this estate:

(a) granting the Trustee authority to sell the estate's interest in the Property free and clear of the interest of Defendant, subject only to the Court's entry of an order authorizing the Trustee to sell the estate's interest in the Property;

(b) granting the Trustee authority to sell the Defendant's interest in the Property together with the sale of the estate's interest in the Property;

(c) granting temporary, preliminary, and permanent injunctive relief directing Defendant and all other occupants, if any, to (i) immediately provide completed and unfettered access to the Property sufficient to permit the Trustee, her agents, and any potential buyers to inspect the Property; (ii) notify the Trustee should she vacate the Property prior to the closing of a sale of the Property; (iii) to protect and preserve the Property during her occupancy of the Property; and, (iv) surrender the Property at the closing of a sale of the Property; and,

(d) granting any such other relief the Court deems just.

        HANNAH W. HUTMAN, CHAPTER 7
        TRUSTEE OF THE BANKRUPTCY
        ESTATE OF GARY M. BIRD

        /s/ *Brittany B. Falabella*
        Robert S. Westermann (VSB No. 43294)
        Brittany B. Falabella (VSB No. 80131)
        HIRSCHLER FLEISCHER, P.C.
        The Edgeworth Building
        2100 East Cary Street
        Post Office Box 500
        Richmond, Virginia 23218-0500
        Telephone:  804.771.9500
        Facsimile:   804.644.0957
        E-mail:     rwestermann@hirschlerlaw.com
                        bfalabella@hirschlerlaw.com

        *Counsel for Hannah W. Hutman,*
        *Chapter 7 Trustee for the Bankruptcy*
        *Estate of Gary Michael Bird*

**EXHIBIT A**

15 - 10796              PR 0495 JUN 17 ᴾᴹ

| | |
|---|---|
| Consideration: $142,000.00 | Prepared By: |
| Assessed Value: $137,000.00 | Daniel L. Reid, Esq. |
| Map # W0001590019 | VSB#41827 |
| | 11711 Jefferson Avenue, Suite A |
| | Newport News, Virginia 23606 |
| | Title Insurer: Fidelity National Title Insurance Company |

Capitol Closing, Inc.
C/O Darouse, Inc.
4114 Cedar Bush Rd.
Hayes, VA 23072

THIS **DEED OF BARGAIN AND SALE**, made this 5th day of June, 2015, by and between **CALYPSO COTTAGE, LLC**, hereinafter called Grantor; and **GARY M. BIRD** and **SARA A. MOONEY**, hereinafter called Grantees, whose mailing address is 3409 Parkwood Avenue, Richmond, Virginia 23221.

Whenever used herein the singular shall include the plural, the plural the singular, and the use of any gender shall include all other genders.

WITNESSETH: That for and in consideration of the sum of TEN DOLLARS ($10.00), cash in hand paid, and other good and valuable consideration, the receipt of which is hereby acknowledged, the Grantor does bargain, grant, sell and convey, with **GENERAL WARRANTY AND ENGLISH COVENANTS OF TITLE** unto the Grantees, as joint tenants with the right of survivorship, the following described property, to-wit:

> All that lot of land in the City of Richmond, with improvements thereon known as No. 3409 Parkwood Avenue, and bounded as described as follows:
>
> Commencing at a point of the south line of Parkwood Avenue, one hundred eleven and fifty seven one hundredths (11.57) feet west of the southeast corner of Parkwood Avenue and Rothesay Road; thence running westwardly and fronting on the south line of Parkwood Avenue twenty five (25) feet; thence back southwardly from said front and between parallel line one hundred twenty (120) feet to a public alley in the rear eighteen (18) feet wide.
>
> Together with all and singular the buildings and improvements thereon, the rights and privileges, tenements, hereditaments, easements and appurtenances unto the said land belonging or in anywise appertaining.
>
> Subject to restrictions, covenants, conditions and easements of record contained in duly recorded deeds, plats and other instruments constituting actual or constructive notice in the chain of title to the property hereby conveyed, which have not expired

PG 0496 JUN 17

or have not otherwise become ineffective.

It being the same property conveyed to the Grantor by Deed of Gift of W. Holt Edmunds, dated December 15, 2011 and recorded December 15, 2011, in the aforesaid Clerk's Office as Instrument No. 11-21373, page 0371.

The Grantor covenants that it has the right to convey the said land to the Grantees; that it has done no act to encumber said land; that the Grantees shall have quiet possession of the said land, free from all encumbrances; and that it, the Grantor, will execute such further assurance of the said land as may be requisite.

WITNESS the following signatures and seals.

*Virginia Renalds Edmunds* (Seal)
CALYPSO COTTAGE, LLC
By: VIRGINIA RENALDS EDMUNDS,
SOLE MEMBER

STATE OF VIRGINIA
CITY OF RICHMOND, to wit;

The foregoing instrument was acknowledged before me this 8TH day of JUNE 2015, by VIRGINIA RENALDS EDMUNDS in HER capacity as SOLE MEMBER of Calypso Cottage, LLC.

NOTARY PUBLIC

My commission expires: May 31, 2018

Micheal D. Medlin
Commonwealth of Virginia
Notary Public
Commission No. 113632
My Commission Expires 5/31/2018

2

PG 0497 JUN 17

```
         INSTRUMENT #150010796
    RECORDED IN THE CLERK'S OFFICE OF
           CITY OF RICHMOND ON
         JUNE 17, 2015 AT 01:48PM
       $142.00 GRANTOR TAX WAS PAID AS
    REQUIRED BY SEC 58.1-802 OF THE VA. CODE
    STATE:     $71.00  LOCAL:        $71.00

           EDWARD F. JEWETT, CLERK
             RECORDED BY: VEB
```

**EXHIBIT B**

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

GARY M. BIRD,  
Social Security #: See §20-121.03 Addendum

Plaintiff,

v.                     Case No.:CL21-4254

SARA A. BIRD,  
Social Security #: See §20-121.03 Addendum

Defendant.

### FINAL DECREE

THIS CAUSE, which has been regularly docketed, matured, and set for hearing, came on this day to be heard upon Plaintiff's Complaint, upon personal service upon the Defendant, upon the Defendant having failed to file an Answer, upon the Plaintiff's Motion to Change Grounds, upon the Affidavit of the Plaintiff and a witness on his behalf, taken regularly pursuant to Virginia Code § 20-106, and filed in accordance with the law, and was submitted.

Upon consideration whereof, the Court finds from the evidence, independently of the admissions of the parties in the pleadings, affidavits, or otherwise, the following facts: (1) that the parties were lawfully married on July 11, 2015 in Richmond, Virginia; (2) that both parties to this suit are over 18 years of age; (3) that both parties are of sound mind and that neither party is suffering from any condition that renders him or her legally incompetent; (4) that neither party is currently incarcerated nor has either party been incarcerated since the commencement of this suit; (5) that neither party is known to be pregnant of the marriage; (6) that the Plaintiff was, for at least six months next preceding the filing of this suit, an actual *bona fide* resident of and domiciliary of the Commonwealth

of Virginia and that the Plaintiff was an actual *bona fide* resident and domiciliary of the Commonwealth of Virginia at the time of the filing of this suit; (7) that there are no minor children, born or adopted, of this marriage; (8) that neither party is an active member of the Armed Forces of the United States nor any of its allies; (9) that the parties last cohabited in Richmond, Virginia, within the jurisdiction of this Court; (10) that the parties have lived separate and apart without any cohabitation and without interruption, intentionally, from January 17, 2021, to and through the present date, which is a period of more than one year; (11) that at the time of the separation it was the parties' intent that the separation be permanent; (12) that there is no likelihood of reconciliation; (13) that the allegations that the parties have intentionally lived separate and apart continuously, without interruption and without further cohabitation, for more than one year, have been fully proven by the evidence; and (14) that the Plaintiff is entitled to the relief prayed for in his Complaint.

Accordingly, it is ADJUDGED, ORDERED, and DECREED that the Plaintiff, **GARY M. BIRD**, Social Security number (See Addendum Filed Pursuant to §20-121.03 of the Code of Virginia of 1950, as amended, which is incorporated by reference), is now absolutely divorced from the Defendant, **SARA A. BIRD**, Social Security number (See Addendum Filed Pursuant to §20-121.03 of the Code of Virginia of 1950, as amended, which is incorporated by reference), from the bond of matrimony on the grounds that the parties have intentionally lived separate and apart without any cohabitation and without interruption for a period of more than one year, and that the bond of matrimony created by the marriage between these parties on July 11, 2015, hereby is dissolved.

Pursuant to § 20-111.1(E) of the Code of Virginia, 1950, the following notice is

provided to the Plaintiff and the Defendant:

**Beneficiary designations for any death benefit, as defined in subsection B of §20-111.1 of the Code of Virginia, made payable to a former spouse may or may not be automatically revoked by operation of law upon the entry of a final decree of annulment or divorce. If a party intends to revoke any beneficiary designation made payable to a former spouse following the annulment or divorce, the party is responsible for following any and all instructions to change such beneficiary designation given by the provider of the death benefit. Otherwise, existing beneficiary designations may remain in full force and effect after the entry of a final decree of annulment or divorce.**

It is hereby further ADJUDGED, ORDERED, and DECREED that upon entry, the Clerk shall forward an attested copy of this Final Decree to counsel for the Plaintiff, Lindsay G. Dugan, Esquire, at Friedman Law Firm, P.C., 9401 Courthouse Road, Suite A, Chesterfield, Virginia 23832, and to the Defendant, Sara A. Bird, *pro se*, at 3409 Parkwood Avenue, Richmond, Virginia 23221.

And nothing further remaining to be done in this matter, it is hereby further ADJUDGED, ORDERED, and DECREED that this matter is stricken from the Court's active docket and that the papers be placed among the ended causes.

ENTER: 6;27;2022

_____
Judge

**VIRGINIA:**

### IN THE CLERK'S OFFICE OF THE CIRCUIT COURT FOR THE CITY OF RICHMOND, JOHN MARSHALL COURTS BUILDING

I, Edward F. Jewett, Clerk of the Circuit Court of the City of Richmond do certify that the foregoing is a true copy of the Final Decree of Divorce entered in the above styled cause.

Given under my hand and the official seal of the court this 30th Day, of June 2022.



Edward F. Jewett, Clerk

By: _____
Deputy Clerk

**EXHIBIT C**

# HOOVER PENROD PLC

### ATTORNEYS AT LAW

DAVID A. PENROD
JOHN N. CRIST
RICHARD A. BAUGH
LAURA S. EVICK
GRANT D. PENROD
JACOB T. PENROD
HANNAH W. HUTMAN
DATHAN J. YOUNG
C. ANDREW BOLT

342 SOUTH MAIN STREET
HARRISONBURG, VIRGINIA 22801

TELEPHONE
540-433-2444

www.hooverpenrod.com

FACSIMILE
540-433-3916

LAWRENCE H. HOOVER
(1906–1992)

LAWRENCE H. HOOVER, JR.
(1934-2019)

M. BRUCE WALLINGER
RETIRED

DALE A. DAVENPORT
OF COUNSEL

January 31, 2023

Sara A. Mooney
3409 Parkwood Ave.
Richmond, VA 23221

RE: Gary M. Bird
Chapter 7 Case No. 22-60957

Dear Ms. Mooney,

I am the Chapter 7 Bankruptcy Trustee appointed in the above referenced bankruptcy case. The documents that have been provided to me indicate that Mr. Bird has an ownership interest in 3409 Parkwood Ave. Richmond, VA 23221 (the "Property"). Mr. Bird's interest in the Property is now a part of the bankruptcy estate. As bankruptcy Trustee, I have a duty to liquidate Mr. Bird's non-exempt assets, which include his interest in the Property, and distribute the proceeds to his creditors.

I would very much like to speak with you before I proceed with attempting to sell the entire Property as permitted by the Bankruptcy Code. Please contact my office by February 20, 2023 to discuss a resolution of this matter. I can be reached at (540) 433-2444. I look forward to hearing from you.

Sincerely,

Hannah W. Hutman
Chapter 7 Bankruptcy Trustee

c: William T. Harville Esq. (via e-mail)