

**SIGNED THIS 19th day of July, 2023**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | |
|---|---|
| **In re:** <br><br> **GARY MICHAEL BIRD,** <br><br> Debtor. | **Chapter 7** <br> **Case No. 22-60957** |
| **HANNAH W. HUTMAN, Chapter 7 Trustee for the Bankruptcy Estate of Gary Michael Bird,** <br><br> Movant, <br><br> v. <br><br> **SARA A. MOONEY, SPECIALIZED LOAN SERVICING, LLC, and TRUIST BANK,** <br><br> Respondents. | **Contested Matter** |

### ORDER GRANTING TRUSTEE'S MOTION

In consideration of the *Chapter 7 Trustee's Motion for (I) Authority to Sell Property of the Estate at Public Auction, Free and Clear of All Liens, Claims, Rights, and Interests, Pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 6004; (II) Authority Related to Closing of the Sale Pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 6004 and Distribution of Sale Proceeds; and (III) Related Relief* (the "**Motion**") seeking authorization for the Trustee[1] to sell property located at 3409 Parkwood Avenue, Richmond, Virginia 23221 (the "**Property**") by public auction; the Court having reviewed the Motion and the Notice; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157; and the Court having determined that notice of the Motion was sufficient under the circumstances; and the Court having found that the auction is in the best interest of the Debtor's estate, its creditors, and parties in interests; and the Response filed at docket number 30 having been resolved as indicated by the signatures below; and the Court having determined that the legal and factual bases set forth in the Motion are incorporated herein and establish just cause for the relief granted herein, it is hereby

**ADJUDGED, ORDERED, AND DECREED THAT:**

1. The Motion is **GRANTED** in its entirety.

2. The Trustee is authorized to sell the Property at public auction to the highest responsive bidder, free and clear of all liens, claims, rights and interests, known and unknown, including without limitation the Liens & Claims, with such liens, claims, rights and interest attaching to the proceeds of the sale in their respective priority. This authorization is subject solely to the condition that the sale of the Property shall either (a) be at a final price that will permit the Trustee to pay the Secured Loans in full at closing, provided that the holders of the Secured Loans

---

[1] All capitalized terms not defined herein shall be given their respective meanings as ascribed to them in the Motion.

provide written payoffs to the Trustee prior to the date of the auction, or (b) in the event that the final price is not sufficient to pay the Secured Loans in full, the holders of the Secured Loans shall retain the right to approve or reject such a sale, provided that the holders of the Secured Loans shall make an authorized representative available at the date and time of the sale for the purpose of making such a determination, if necessary.

3. This order is effective as a determination that, upon the closing of the sale of the Property, all liens, claims, rights, and interests, known and unknown, including without limitation the Liens & Claims, on the Property shall have been and hereby are adjudged and declared to be release, discharged, and terminated, and the Property shall have been conveyed by the Trustee to the purchaser thereof free and clear of all such liens, claims, rights, and interests.

4. The Trustee is further authorized to sign and deliver a Trustee's Special Warranty Deed and such other documents necessary for the closing of the sale or reasonably requested by the purchasers of the Property, to pay the usual and customary closing costs, the past due and pro-rated Property taxes, if any, the amount of the Secured Loans, and one-half of the net proceeds to the Mooney Interest to the proceeds of the Property at the closing of the sale and to retain the remaining proceeds for further administration by the Trustee.

5. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of this Order is waived.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order.

**\*\*End of Order\*\***

**WE ASK FOR THIS:**

/s/ *Brittany B. Falabella*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:    804.771.9500
Facsimile:    804.644.0957
E-mail:    rwestermann@hirschlerlaw.com
         bfalabella@hirschlerlaw.com

*Counsel for Hannah W. Hutman, Chapter 7 Trustee*


**SEEN AND NO OBJECTION:**

/s/ Mark D. Meyer (with permission)
Mark D. Meyer (VSB No. 74290)
ROSENBERG AND ASSOCIATES, LLC
4340 East West Highway, Suite 600
Bethesda, MD 20814
Telephone:    301.907.8000
E-mail:    mark.meyer@rosenberg-assoc.com

*Counsel for Specialized Loan Servicing*